**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | | |
|---|---|---|
| MARQUETTE TASHUN MAXWELL, JR. #112986 | * * * | |
| Plaintiff, | * | |
| v. | * | No. 3:19-cv-00286-JJV |
| | * | |
| R. BURSE, *Jailer, Mississippi County Detention Center, et al*. | * | |
| | * * | |
| Defendants. | * | |

**MEMORANDUM & ORDER**

Marquette Maxwell, Jr. ("Plaintiff"), an inmate at the Mississippi County Detention Center ("MCDC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 against Jailer, R. Burse, in his personal and official capacities. (Doc. No. 5.) He alleges Defendant Burse failed to protect him from an attack by another inmate. (*Id*.) Defendant Burse has filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts. (Doc. Nos. 23-25.) Plaintiff has not responded and this matter is now ripe for a decision. After careful review of the record, I find Defendant Burse is entitled to summary judgment in his favor and Plaintiff's claims should be dismissed with prejudice.

**I.   INTRODUCTION**

In his Amended Complaint, Plaintiff states:

On May 4, 2019, around 8:30-9:00 p.m. during med call officer Burse let Antonio Carter a man with a murder charge who was in A Block come into C-Block (where I was located) claiming he was coming in the block I was at to get some commissary[.] Officer Jordan was the one who popped the door to C-Block while the door to A-Block was opened where inmates were receiving meds[.] Antonio Carter demanded that Officer Burse let him into C dorm[.] [W]ithout question

> Officer Burse called Officer Jordan on the walk[ie] talk[ie] to pop C-Block's door while A-Block's door was opened[.]  [ ] Antonio came into C-Block [and] I ran up the stairs and he followed me and assaulted me while another inmate Don Littleton had to come break the fight up[.]  Officer Burse stood there at  A-Block's door watching the fight not calling for [backup].  Once the fight was broken up[,] Antonio Carter went back to his block[.]  [O]nce the officer got to me he ignored the fact I had just been assaulted.

(Doc. No. 5 at 4.)

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, Affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

As explained in detail below, Plaintiff has failed to demonstrate that Defendant Burse had a sufficiently culpable state of mind to establish deliberate indifference/failure to protect. As such, no constitutional violation exists and Defendant Burse is entitled to qualified immunity.

### A.   Failure to Protect

According to Plaintiff's Amended Complaint and Deposition, he was a pretrial detainee at the time of the attack. (Doc. Nos. 5 at 3; 25-3 at 8.) Accordingly, his claims are not analyzed under the Eighth Amendment, but instead under the Fourteenth Amendment's Due Process Clause. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007). "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Id.* (citing *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)).

Under the Eighth Amendment, prison officials have a duty to protect inmates "from violence at the hands of other prisoners." *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (internal citation omitted). Indeed, prison officials must "'take reasonable measures to guarantee' inmate safety by protecting them from attacks by other prisoners." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (internal citations omitted). To establish a constitutional claim that a prison official failed to protect from violence by another inmate, a plaintiff "must make two showings: '[1] an objective component, [that] there was a substantial risk of harm to the inmate, and [2] a subjective component, [that] the prison official was deliberately indifferent to that risk.'" *Id.* (internal citations omitted). "An official is deliberately indifferent if he or she actually knows

of the substantial risk and fails to respond to it reasonably." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007) (internal citation omitted).  Negligence by prison officials is insufficient to satisfy the subjective component. *See Patterson*, 902 F.3d at 855 ("[E]vidence of mere negligence by a prison guard is not sufficient to survive summary judgment") (internal citation omitted).  Rather, to establish the subjective component, a plaintiff must prove the prison official had a "sufficiently culpable state of mind." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

> **B.    Qualified Immunity**

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions:  (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*,

533 U.S. 194, 201 (2001).[1] A defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

To defeat qualified immunity and proceed to trial on his failure to protect claim, there must be evidence that: (1) objectively, there was a substantial risk Plaintiff would be seriously harmed; and (2) subjectively, Defendant Burse knew of and deliberately disregarded that substantial risk of serious harm. *See Blair v. Bowersox,* 929 F.3d 981, 987 (8th Cir. 2019); *Patterson,* 902 F.3d at 851. As explained below, Plaintiff has shown neither.

### C.  Personal Capacity/Jailer R. Burse

In support of his Motion for Summary Judgment, Defendant Burse submitted an Affidavit in which he explains, "I had no knowledge of any previous disputes between Detainees Maxwell and Carter and did not know that an altercation would occur when Detainee Carter entered C Block." (Doc. No. 25-2 at 1.) Defendant Burse's statement is also supported by Plaintiff's own Amended Complaint. Plaintiff does not allege that anyone at the jail knew that Antonio Carter was a threat to Plaintiff. (Doc. No. 5.) Plaintiff simply alleges that Carter was a danger because of the murder charge he was facing.

Accordingly, Plaintiff has failed to establish Defendant Burse knew of an excessive risk to his safety and disregarded it. According to Defendant Burse's Affidavit and Plaintiff's deposition, *infra*, neither Plaintiff nor Defendant had any notice of any risk to Plaintiff, other than the risks inherent in incarceration, prior to the attack. And Plaintiff has failed to meet proof with proof and

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

show a genuine issue of fact exists regarding Defendant's knowledge of an excessive risk to Mr. Maxwell's safety.

With regard to Plaintiff's allegation that Defendant Burse failed to provide medical treatment after the assault, Jailer Burse states, "After placing Detainee Carter in administrative segregation, I checked on Detainee Maxwell. Detainee Maxwell stated he was fine and did not need to see the nurse." (Doc. No. 25-2 at 1.)  And on this point, even Plaintiff states he received only minor injuries needing minor medical attention after the assault.

According to Plaintiff's deposition transcript, (Doc. No. 25-3), when asked if he had any reason to believe Antonio Carter would ever hurt or physically assault Plaintiff, Mr. Maxwell responded, "No." (*Id.* at 13.)  With regard to injuries, Plaintiff testified, "I had scratches, like, on my face and scratches on my back and stuff like that." (*Id.* at 21.)  Plaintiff was seen that day by medical staff who provided him "alcohol pads and stuff." (*Id.* at 22.)  Plaintiff admits his injures "heal[ed] fine." (*Id.*)

It seems Plaintiff's main contention is he believes Jailer Burse ". . . wasn't supposed to have two doors popped at the same time." (*Id.* at 17.)  And while understandably Plaintiff feels wronged by this alleged lapse in judgment, this claim fails to support a constitutional claim of failure to protect.  A violation of prison rules and policies is not enough, standing alone, to sustain a constitutional violation. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).  And, a § 1983 failure to protect claim cannot be premised on negligence or even gross negligence. *Patterson*, 902 F.3d at 852 (dismissing a § 1983 failure to protect claim based on a prison guard's negligent or grossly negligent failure to inspect and monitor a barrack where an attack occurred); *Tucker*, 276 F.3d at 1001-02 (same).

### D.     Official Capacity Claims

Plaintiff has also sued Defendant Burse in his official capacity.  (Doc. No. 5 at 2.)  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)).  As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.  *Id*. at 166.  Thus, Plaintiff's official capacity claim against Defendant Burse is to be treated as a claim against Mississippi County.  Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91.  A municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Id*. at 691.  *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Mississippi County that caused or contributed to this alleged assault.  Because Plaintiff makes no allegation that Defendant Burse or Mississippi County were implementing an unconstitutional policy or custom, his official capacity claims must be dismissed.

### IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

7

1.      Defendant's Motion for Summary Judgment (Doc. Nos. 23) is GRANTED.

2.      Plaintiff's claims against Defendant Burse are DISMIMSSED with prejudice.

3.      Plaintiff's Amended Complaint (Doc. No. 5) is DISMISSED with prejudice.

4.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

DATED this 28th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE